**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-25707-GAYLES**

**RAMON SENA ALCANTARA**,

Plaintiff,

v.

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER**, *et al.*,

Respondents.
______________________________/

**ORDER DENYING MOTION FOR RECONSIDERATION**

**THIS CAUSE** comes before the Court on Ramon Sena Alcantara's *pro se* Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) (the "Motion") [ECF No. 9]. In the Motion, Petitioner asks the Court to reconsider its order denying his Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1] because the order was entered before he filed his reply to Respondents' show cause response and "leaves unresolved an antecedent question" about the legality of the revocation of Petitioner's 2023 release. *See* [ECF No. 9 at 1]. For the reasons explained, the Motion is **DENIED**.

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1301 (S.D. Fla. 2015) (citation omitted). "Such problems rarely arise and the motion to reconsider should be equally rare," reserved only for when "the moving party" presents "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quotation marks omitted).

"Reconsideration is granted only in extraordinary circumstances and is committed to the sound discretion of the district judge." *Reiseck*, 141 F. Supp. 3d at 1301 (quotation marks omitted). It is not warranted here.

First, while a movant may file a reply brief within the time constraints fixed by the Court, *see* 28 U.S.C. § 2254, Rule 5(e) ("The petitioner may file a reply to the respondent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule."), Petitioner "cites no authority that requires a Court to consider a reply brief before ruling," *Abdul-Wahhab v. United States*, No. 20-CV-60146, 2020 WL 5750009, at *2 (S.D. Fla. Sept. 25, 2020). In fact, "[n]either the Federal Rules of Civil Procedure nor the Local Rules" even "require the court to obtain a response from the non-moving party before ruling." *See Bettis v. Toys "R" Us-Del., Inc.*, 273 F. App'x 814, 819 (11th Cir. 2008); *cf. Atl. Recording Corp. v. Spinrilla, LLC*, No. 1:17-CV-00431-AT, 2021 WL 12300186, at *1 n.1 (N.D. Ga. July 28, 2021) ("[T]he court need not wait for a party to file a reply before ruling on the motion."). For that reason, courts in this District routinely rule without waiting for a reply when "a reply is unnecessary to resolve the issues." *Onemata Corp. v. Rahman*, No. 20-CV-62002, 2025 WL 1881952, at *2 n.1 (S.D. Fla. Mar. 21, 2025); *see also Geico Gen. Ins. Co. v. Hampel*, No. 11-61620-CIV, 2011 WL 13217490, at *1 (S.D. Fla. Nov. 1, 2011).

Second, even assuming the Court ruled prematurely, its ruling was correct, so there is no need to correct clear error or manifest injustice. *See Reiseck*, 141 F. Supp. 3d at 1301; *see also Francois v. Miami Dade Cnty., Port of Miami*, 432 F. App'x 819, 821 (11th Cir. 2011). Although Petitioner asserts his reply "would have directed the Court to his" September 2023 Order of Release on Recognizance that cites 8 U.S.C. § 1226, [ECF No. 9 at 4], the Court was fully aware of — and even cited — that document and its contents in its denial order, [ECF No. 8]. Based on his 2023 release and subsequent 2½ years of freedom before his 2026 re-detention, Petitioner

argues (quite articulately) that Respondents were required to show a material change between 2023 and 2026 that legally justifies the termination of his release. *See* [ECF No. 9 at 4–8]. He also implies Respondents failed to "comply with regulations" when they revoked his release. *See id.* at 8. The law, however, demonstrates otherwise.

The governing regulation makes clear that "release may be revoked at any time in the discretion of" Respondents, "in which event the alien may be taken into physical custody and detained." *See* 8 C.F.R. § 236.1(c)(9); *Acosta Gonzalez v. Noem*, 832 F. Supp. 3d 1303, 1309 (S.D. Fla. 2026) ("[A]n order of release on recognizance is purely discretionary and may be cancelled at any time, even when the alien does not violate the terms of release."). Unlike other immigration provisions, § 236.1(c)(9) does not outline any specific procedures Respondents must follow before revoking a noncitizen's release, and Petitioner has not provided any evidence that specific required procedures exist elsewhere. As a result, there is no basis for the Court to conclude that Respondents failed to afford all required process before re-detaining Petitioner. *See Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *6 (S.D. Fla. July 30, 2026).

Accordingly, Petitioner has not shown how the Court's analysis would in any way be altered if it had considered his reply before ruling, and there is no basis to justify reconsidering its denial order. *See Reiseck*, 141 F. Supp. 3d at 1301; *Burger King*, 181 F. Supp. 2d at 1369. The Motion is therefore **DENIED**, and the case remains **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of September, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc: all counsel of record

**Ramon Sena Alcantara**
A# 203127578
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
*PRO SE*

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Kandia Nataki Batchelor**
DOJ-USAO
99 NE 4th Street
Miami, FL 33132
Email: kandia.batchelor-abrahams@usdoj.gov